**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

Timothy Arazil Cleveland,

Petitioner,

v.

United States of America,

Respondent.

C/A No. 7:05-cv-03521-GRA

**ORDER**
(Written Opinion)

This matter is before this Court on petition of Timothy Cleveland pursuant to 28 U.S.C. § 2255. The Petitioner filed the present petition on December 19, 2005. For the following reasons, the petition is DISMISSED.

The Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Both 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Motion Attacking Sentence (i.e. 28 U.S.C. § 2255 proceedings) affect the disposition of Petitioner's motion. Title 28 U.S.C. § 2255 provides, in pertinent part, as follows:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of

1

fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

Rule 4 of the Rules Governing Motion Attacking Sentence (i.e. 28 U.S.C. § 2255 proceedings) states in pertinent part as follows:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it [the § 2255 motion] is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Rule 4, Rules Governing Motion Attacking Sentence.

Petitioner pled guilty to Counts One, Two, Three, Five and Six of the Indictment in the underlying criminal case.  He was sentenced on September 19, 2002 to a term of seventy (70) months on Counts One, Two, Three, and Five, and sentenced to a term of eighty-four (84) months on Count Six, to run consecutively by the undersigned.  The judgment was filed on October 1, 2002, and Petitioner filed a notice of appeal on October 11, 2002.  The judgment was affirmed by the Fourth Circuit Court of Appeals on July 9, 2003.  Petitioner did not file for a writ of certiorari with the United States Supreme Court.

Petitioner subsequently filed a petition on December 19, 2005 asking this Court to vacate his sentence pursuant to 28 U.S.C. §2255.  The Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for

filing motions pursuant to 28 U.S.C. § 2255.  The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

Because Petitioner did not file for writ of certiorari, the period of limitations began to run on his § 2255 motion ninety (90) days from the date the Fourth Circuit Court of Appeals filed its judgment, dismissing Petitioner's appeal.  At that point, for purposes of § 2255, the conviction and sentence became final.  Thus, the limitations period began running on October 9, 2003. The one-year period of limitations to file a motion pursuant to § 2255 expired on October 9, 2004.  The current motion was postmarked December 15, 2005 and was filed on December 19, 2005.  Petitioner attempts to bring his claim within Section 3 of § 2255, quoted above, arguing that he filed this claim within one year of the Supreme Court's decision in *United States*

3

*v. Booker*, 125 S.Ct. 738 (2005).  Petitioner argues that the *Booker* court recognized a new rule of constitutional law when it held that *Blakely v. Washingtion*, 124 S.Ct. 2531 (2004) applied to the Federal Sentencing Guidelines.

Petitioner bases his § 2255 petition on the allegation that his sentence was unconstitutionally enhanced by this Court.  In his memorandum in support of his petition, Petitioner relies on *Blakely* and *Booker*, to claim this Court sentenced him in violation of the United States Sentencing Guidelines.

Petitioner's § 2255 petition is clearly untimely, as *Blakely* and *Booker* do not apply retroactively.  The Supreme Court has stated "a new rule [of constitutional law] is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it be retroactive."  *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  Further, "[t]he Supreme Court has not expressly declared *Blakely* to be retroactive to cases on collateral review...[i]n fact, the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively."  *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004).  Moreover, the Fourth Circuit has found that the Supreme Court did not announce a new rule of constitutional law made retroactive to cases on collateral review in *Booker.  See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).   Therefore, Petitioner's claim is untimely and fails on the merits because *Blakely* and *Booker* do not apply retroactively.

IT IS THEREFORE ORDERED that the § 2255 petition be DISMISSED without prejudice and without service of process.

4

IT IS SO ORDERED.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
February   17   , 2006

NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

5